IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SONNY HENRY,

Plaintiff,

v.

STATE OF WISCONSIN,
CIRCUIT COURTS,
SHEBOYGAN et. al.;
JUDGE GARY LANGHOFF;
JUDGE JAMES BOLGERT;
REBECCA PERSICK;
FAMILY COURT COMMISSION;
SHEBOYGAN COUNTY CHILD
SUPPORT AGENCY; and
HEATHER HENRY, No. 08-696-DRH

Defendant.

## ORDER

**HERNDON, Chief Judge:**

On October 1, 2008, Plaintiff Sonny Henry, pro se, filed a Civil Rights Complaint pursuant to 21 U.S.C. § 1983 and 18 U.S.C. § 241 against State of Wisconsin, Circuit Courts, Sheboygan et. al., Judge Gary Langhoff, Judge James Bolgert, Rebecca Persick, Family Court Commission, Sheboygan County Child Support Agency, and Heather Henry. On October 16, 2008, Plaintiff filed a motion for service of process at the Government's expense, requesting that the United States Marshal serve Defendants (Doc. 4).

Under Federal Rules of Civil Procedure 4(c)(3), the Court may order at the plaintiff's request "that service be made by a United States marshal or deputy

marshal or by a person specially appointed by the court." **Fed. R. Civ. P. 4(c)(3)**. Further, the court must order service by the United States Marshal if the plaintiff is proceeding *in forma pauperis* or is a seaman. *Id.* If a plaintiff is not proceeding *in forma pauperis* or as a seaman, the decision falls within the discretion of the court. The Court should exercise it's discretion in determining whether service should be made under 4(c)(3) instead of simply denying service to those plaintiffs not proceeding *in forma pauperis*. **See *Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008)**.

Although Plaintiff states in his Motion for Service of Process at Government Expense (Doc. 4) that he has been approved to proceed *in forma pauperis*, Plaintiff has not, in fact, been granted *in forma pauperis* status. Plaintiff filed his complaint on October 1, 2008 and paid the filing fee. Plaintiff has neither filed a motion to proceed *in forma pauperis* nor has he been granted such status. Therefore, the Court is not mandated to order that service be made by the United States Marshal.

However, that finding does not end the inquiry. The Court may, in it's discretion, order that service be made by the United States Marshal. However, Plaintiff paid his filing fees and lied in his motion for service of process about having been granted *in forma pauperis* status. Furthermore, Plaintiff has failed to file any documentation with the Court proving indigency or an inability to serve Defendants

through other means. Therefore, Plaintiff's motion fore service of process at the Government's expense (Doc. 4) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of November, 2008.

/s/     *David R Herndon*
**Chief Judge**
**United States District Court**