# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

SONNY HENRY,

Plaintiff,

v.

STATE OF WISCONSIN,
CIRCUIT COURTS,
SHEBOYGAN et. al.;
JUDGE GARY LANGHOFF;
JUDGE JAMES BOLGERT;
REBECCA PERSICK;
FAMILY COURT COMMISSION;
SHEBOYGAN COUNTY CHILD
SUPPORT AGENCY; and
HEATHER HENRY,                                             No. 08-696-DRH

Defendant.

## ORDER

HERNDON, Chief Judge:


Before the Court is a motion for renewal of violation under Federal

Rules of Civil Procedure 4(c)(3) (Doc. 6). On October 1, 2008, Plaintiff Sonny Henry,

pro se, filed a Civil Rights Complaint pursuant to 21 U.S.C. § 1983 and 18 U.S.C. §

241 against State of Wisconsin, Circuit Courts, Sheboygan et. al., Judge Gary

Langhoff, Judge James Bolgert, Rebecca Persick, Family Court Commission,

Sheboygan County Child Support Agency, and Heather Henry. On October 16, 2008,

Plaintiff filed a motion for service of process at the Government's expense, requesting

that the United States Marshal serve Defendants (Doc. 4). Plaintiff stated that he had

*in forma pauperis* status and under Federal Rules of Civil Procedure 4(c)(3) requested that the United States Marshal serve Defendants. On November 3, 2008, the Court issued an Order denying Plaintiff's motion for service of process because Plaintiff had not been granted *in forma pauperis* status and had failed to state why he needed service by the Marshal (Doc. 5). On November 14, 2008, Plaintiff filed a motion for renewal of violation under Federal Rules of Codes 4(c)(3) which the Court construes as a motion renewing his request for service by the Marshal (Doc. 6).

Under Federal Rules of Civil Procedure 4(c)(3), the Court may order at the plaintiff's request "that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." **Fed. R. Civ. P. 4(c)(3)**. Further, the court must order service by the United States Marshal if the plaintiff is proceeding *in forma pauperis* or is a seaman. **Id.** If a plaintiff is not proceeding *in forma pauperis* or as a seaman, the decision falls within the discretion of the court. The Court should exercise it's discretion in determining whether service should be made under 4(c)(3) instead of simply denying service to those plaintiffs not filing *in forma pauperis*. **See Koger v. Bryan, 523 F.3d 789, 803 (7th Cir. 2008)**.

Although Plaintiff had stated in his first motion for service by the United States Marshal that he had *in forma pauperis* status, Plaintiff now apologizes for misstating his status. Plaintiff was confused about his status and mistakenly stated

that he had *in forma pauperis* status when he did not have such status. Even though Plaintiff is not proceeding *in forma pauperis*, the Court may, in it's discretion, order that service be made by the United States Marshal. Plaintiff, however, has not provided any reason for why he needs the United State Marshal to serve Defendants. Nor has Plaintiff provided any explanation as to why he can not serve Defendants through other methods. Rather, Plaintiff provides a lengthy discussion about his relationship with a Mr. Joseph Lee Pinson and Mr. Pinson's legal history with the U.S. District Court for the Northern District. Further, Plaintiff states that Mr. Pinson received the District Court's permission to obtain a pacer account in order to review Plaintiff's case and motions. Although Mr. Pinson has asked for such approval, the Court has not granted him approval. Plaintiff also states that he has the resources to pay for service by the Marshal. Since Plaintiff has not provided any additional explanation as to why he requires service by the United States Marshal, the Court therefore, **DENIES** Plaintiff's renewed motion for service of process by the United States Marshal (Doc. 6).

Furthermore, the Court cannot grant Mr. Pinson's request or the Plaintiff's request to have Mr. Pinson act on his behalf. Mr. Pinson is not an attorney and the request of both the Plaintiff and Mr. Pinson effectively would allow a non-lawyer to act as an attorney-in-fact for another without a license to practice law. Furthermore, this district's electronic filing rules prohibit allowing one person from electronically filing dockets on behalf of another, unless that person is the lawful

attorney of the person for whom he is doing the filing.  **See Local CM/ECF Rule 2**.

IT IS SO ORDERED.

Signed this 19th day of November, 2008.

/s/    *David R. Herndon*

**Chief Judge**
**United States District Court**