IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**SONNY HENRY,**

**Plaintiff,**

**v.**

**STATE OF WISCONSIN, et al.,**

**Defendant.**                                                              **No. 08-696-DRH**

### ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court for case management issues to *sua sponte* deal with the issue of improper venue. On October 1, 2008, Plaintiff Sonny Henry filed suit against the State of Wisconsin, Circuit Court of Sheboygan, Judge Gary Langhoff, Judge James Bolgart, Rebecca Persick, Family Court Commission, Sheboygan County Child Support Agency, and Heather Henry. On November 3, 2009, Henry amended his Complaint to allege causes of action against the Iowa District Court for Black Hawk County, First Judicial District, Chief Judge Allen L. Pearson, Judge Kellyann Laker, Judge Lawrence H. Fautech, Judge Jon Flater, Judge George Stigler, Judge Daniel Block, Judge Bruce B. Zeger, Attorney Timothy L. Luce, and Attorney David A. Roth (Doc. 30). Plaintiff's Complaint alleges that both sets of Defendants have violated his civil rights in regards to the custody of his son, Sonny Isaiah Henry, through the issuing of various court orders in the states of Wisconsin and Iowa. None of the Defendants are from this district nor does it appear from the Complaint that any of the pertinent events occurred in this district,

which leads this Court to *sua sponte* raise the issue of improper venue.

**28 U.S.C. § 1391(b)** provides that when jurisdiction is based on federal question, venue is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

**28 U.S.C. § 3191(b)**.

If it is determined that the court is not a proper venue for the action, then the court is required to dismiss the action or may transfer the action "if it be in the interests of justice." ***See* 28 U.S.C. § 1406(a)**. § 1406(a) provides that in the case of improper venue, a district court "*shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The decision to transfer is in the sound discretion of the court. ***Saylor v. Dyniewski*, 836 F.2d 341, 345 (7th Cir. 1988)**.

Here, Henry's First Amended Complaint is against several members of the judiciary of Wisconsin and Iowa. None of the Defendants reside in this district. Further, this action involves several court orders issued by Defendants in Wisconsin and Iowa. None of the events alleged in Plaintiff's First Amended Complaint occurred in this District. Therefore, this District is not the proper venue for Plaintiff's action. ***See* 28 U.S.C. § 3191 (b)**. As this Court is not the proper venue for Plaintiff's cause of action, under **28 U.S.C. § 1406(a)** this Court must dismiss the case or may

transfer the case to a proper venue if it deems it appropriate in the interest of justice. However, the Court determines that a transfer is not appropriate in this case as some of the Defendants reside in Wisconsin and some reside in Iowa making it incapable for this Court to determine which of the two venues, the Eastern District of Wisconsin or the Northern District of Iowa, is the more appropriate venue. Therefore, according to **28 U.S.C. § 1406(a)** this Court must dismiss Henry's Complaint. Accordingly, the Court **DISMISSES without prejudice** Henry's First Amended Complaint . The Court suggests that Henry file his cause of action in the Eastern District of Wisconsin and/or the Northern District of Iowa where venue is proper.   The Court further **DENIES as moot** all pending motions.

**IT IS SO ORDERED.**

Signed this 29th day of December, 2009.

/s/  *David R Herndon*

**Chief Judge**
**United States District Court**