IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SONNY HENRY,

**Plaintiff,**

v.

STATE OF WISCONSIN, et al.,

**Defendant.** No. 08-696-DRH

<u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

### I. <u>Introduction</u>

Before the Court is Plaintiff Sonny Henry's Motion to Vacate the Order to Dismiss (Doc. 67). On December 29, 2009, the Court entered an Order dismissing Plaintiff's case based on improper venue (Doc. 66). The Court *sua sponte* determined that this Court was not the proper venue for Plaintiff's claims as none of the Defendants were located in this district nor did any part of events giving rise to the claim occur in this district. On January 13, 2010, Plaintiff filed his motion to vacate (Doc. 67). The Court, having considered the arguments set out in the motion, **DENIES** Plaintiff's motion to vacate the order to dismiss (Doc. 67).

### II. <u>Analysis</u>

Although Plaintiff has provided no authority for his motion to vacate, presumably he files his motion either pursuant to **Rule 59(e)** or **Rule 60(b)** of the FEDERAL RULES OF CIVIL PROCEDURE as he seeks to challenge the decision of this Court to dismiss his Complaint. The Seventh Circuit has held that a motion

challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the **FEDERAL RULES OF CIVIL PROCEDURE**. *See, e.g., Mares v. Busby*, **34 F.3d 533, 535 (7th Cir. 1994);** *United States v. Deutsch,* **981 F.2d 299, 300 (7th Cir. 1992)**. Under these rulings, the date the motion was filed determined under what rule it would be analyzed. *See United States v. Deutsch,* **981 F.2d 299, 300 (7th Cir. 1992)**. If the motion was served within 28 days of the rendition of the judgment/order, the motion fell under Rule 59(e); if it was served after that time, it fell under Rule 60(b). *Id.* **(citations omitted)**.[1] Most recently, however, the Seventh Circuit has clarified that although motions filed after 28 days of the rendition of the judgment are still analyzed under Rule 60(b), motions filed within 28 days of the rendition of the judgment can be analyzed under either rule depending upon the substance of the motion.

> [W]hether a motion filed within [twenty-eight] days of the rendition of the judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it. Therefore, the former approach – that, no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions – no longer applies. In short, motions are to be analyzed according to their terms. When the substance and label of a post-judgment motion filed within [28] days of judgment are not in accord, district courts should evaluate it based on the reasons expressed by the movant. Neither the timing of the motion, nor its label . . ., is dispositive with respect to the appropriate characterization of the motion.

---

[1] The Court notes that the time period for filing a motion under Rule 59(e) has recently been changed to twenty-eight (28) days as of December 1, 2009. *See* **FED.R.CIV.P. 59(e).** Originally, the Rule required a party to file such a motion within ten (10) days.

***Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citations omitted).**

Here, Plaintiff's motion was filed on January 13, 2010, well within the 28 day period allowed in Rule 59(e). Therefore, the Court must look to the substance of the motion to determine whether the motion should be construed under Rule 59(e) and Rule 60(b). ***Obriecht*, 517 F.3d at 493**. Plaintiff has not stated which Rule he is filing his motion under. Plaintiff only cites to statues **28 U.S.C. § 1407**[2] and **28 U.S.C. § 1408** and asks this Court to vacate its previous Order and rule pursuant to these statutes. Presumably, Plaintiff is arguing that there was an error in law and that venue was proper in this Court under Plaintiff's cited statutes. An error of law argument is brought under 59(e) as there is no basis for such an argument under 60(b). ***Obriecht*, 517 F.3d at 493-94.** Therefore, the Court will analyze Plaintiff's motion under Rule 59(e).

**FEDERAL RULE OF CIVIL PROCEDURE 59(e)** motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Div. of General***

---

[2] Plaintiff, in the body of his motion, states that the statute on multidistrict litigation is 28 U.S.C. § 1408. However, the Court notes that the statute dealing with multidistrict litigation is 28 U.S.C. § 1407.

*Motors Corp.*, **51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**.  The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory.  *Moro*, **91 F.3d at 876 (citation omitted);** *King v. Cooke*, **26 F.3d 720, 726 (7th Cir. 1994),** *cert. denied*, **514 U.S. 1023 (1995)**.

Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.*), **125 B.R. 963, 977 (N.D.Ill. 1990) (citations omitted)**. Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants.  *BNT Terminals*, **125 B.R. at 977.**  The decision to grant or deny a Rule 59(e) motion is within the Court's discretion.  **See** *Prickett v. Prince*, **207 F.3d 402, 407 (7th Cri. 2000);** *LB Credit Corp. v. Resolution Trust Corp.*, **49 F.3d 1263, 1267 (7th Cir. 1995)**.

After giving a lengthy background into the procedural history of this case as well as facts regarding events that took place in the Black Hawk District Court in Iowa during the time that Plaintiff's case was pending here, Plaintiff then cites to **28 U.S.C. § 1407** and **28 U.S.C. § 1408** and asks this Court to vacate its previous Order dismissing his claims (Doc. 66) and rule pursuant to Plaintiff's cited statutes. In the Order dismissing Plaintiff's claims, the Court determined that venue was

inappropriate in this Court because none of the Defendants were located in this district nor did any of the events at issue in the complaint, namely the custody battle over Plaintiff's son, occur in this district.[3] The statutes cited by Plaintiff do nothing to convey proper venue. Plaintiff cites to **28 U.S.C. § 1407** which deals with multidistrict litigation. This statute does not apply to Plaintiff's case. Further, Plaintiff cites to **28 U.S.C. § 1408** which deals with venue in cases filed under Title 11. However, **28 U.S.C. § 1408** deals with venue in bankruptcy cases and Plaintiff's Complaint does not involve bankruptcy. None of the statutes cited by Plaintiff relate in any way to the facts of this case, nor do they persuade the Court that venue is proper here. Therefore, the Court **DENIES** Plaintiff's motion to vacate the Order to dismiss (Doc. 67).

### III. Conclusion

Accordingly, the Court **DENIES** Plaintiff's motion to vacate Order (Doc. 67).

**IT IS SO ORDERED.** Signed this 2nd day of February, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**

---

[3] Plaintiff, at one point in his motion, states that the Court's Order (Doc. 66) dismissed Plaintiff's case as moot (See Doc. 67, p. 2). However, Plaintiff is incorrect that his case was deemed moot. While the Court denied as moot any pending motions due to the dismissal of Plaintiff's cause of action, the Court did not find the case moot. Rather, the Court dismissed Plaintiff's claims due to improper venue. The Court notes that it had previously denied as moot several prior motions because Plaintiff filed an Amended Complaint (Doc. 65).